IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS GETTY,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>L. GAMBOA, et al.,<br><br>　　　　　Defendants.　　　　　　　　/ | No. C 14-1014 DMR (PR)<br><br>**ORDER OF SERVICE** |

Plaintiff, a state prisoner currently incarcerated at Salinas Valley State Prison ("SVSP"), has filed a *pro se* civil rights action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs. Plaintiff has consented to magistrate judge jurisdiction, and this matter has been assigned to the undersigned Magistrate Judge.

His motion for leave to proceed *in forma pauperis* will be granted in a separate written Order.

Venue is proper because the events giving rise to the claims are alleged to have occurred at SVSP, which is located in this judicial district. *See* 28 U.S.C. § 1391(b).

In his complaint, Plaintiff names the following Defendants: SVSP Physicians L. Gamboa and Bright; and SVSP Chief Medical Officer J. Dunlap. Plaintiff seeks injunctive relief and monetary damages.

**DISCUSSION**

**I.　Standard of Review**

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. 28 U.S.C.

§ 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. *Id.* § 1915A(b)(1), (2). *Pro se* pleadings must be liberally construed. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

## II.     Deliberate Indifference Claim

Deliberate indifference to serious medical needs violates the Eighth Amendment's proscription against cruel and unusual punishment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *McGuckin v. Smith*, 974 F.2d 1050, 1059 (9th Cir. 1992), *overruled on other grounds*, *WMX Technologies, Inc. v. Miller*, 104 F.3d 1133, 1136 (9th Cir. 1997) (en banc); *Jones v. Johnson*, 781 F.2d 769, 771 (9th Cir. 1986). A determination of "deliberate indifference" involves an examination of two elements: the seriousness of the prisoner's medical need and the nature of the defendant's response to that need. *See McGuckin*, 974 F.2d at 1059. A "serious" medical need exists if the failure to treat a prisoner's condition could result in further significant injury or the "unnecessary and wanton infliction of pain." *Id.* (citing *Estelle v. Gamble*, 429 U.S. at 104). A prison official is deliberately indifferent if he or she knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer v. Brennan*, 511 U.S. 825, 837 (1994).

Plaintiff claims that he complained of his stomach pains on October 22, 2011. Dkt. 1 at 4.[1] Plaintiff was then seen by Defendant Gamboa, who submitted an order for medication and surgery; however, Plaintiff never underwent surgery for his condition. *Id.* On September 18, 2013, Plaintiff's requests to see a general surgeon were denied. *Id.* Plaintiff then filed CDC Form 602

---

[1] Page number citations refer to those assigned by the Court's electronic case management filing system and not those assigned by Plaintiff.

2

inmate appeals[2] requesting for the surgery to be performed to alleviate his pain; however, Defendants Bright and Dunlap denied his appeals. *Id. at 4-5*. To date, Plaintiff claims that his third level appeal is still pending.[3] *Id. at 5*. Plaintiff's allegation that he suffers from stomach pains due to a hernia (for which surgery was ordered), supports an inference that he has serious medical needs. Liberally construed, Plaintiff's allegations that prison medical staff failed to provide adequate medical treatment for his hernia states a cognizable deliberate indifference claim against Defendants Gamboa, Bright and Dunlap. Accordingly, this claim may proceed against these Defendants.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff states a cognizable Eighth Amendment claim for deliberate indifference to his medical needs against Defendants Gamboa, Bright and Dunlap.

2. The Clerk of the Court shall mail a Notice of Lawsuit and Request for Waiver of Service of Summons, two copies of the Waiver of Service of Summons, a copy of the complaint and all attachments thereto (dkt. 1), a Magistrate Judge jurisdiction consent form, and a copy of this Order to the following Defendants at SVSP: **SVSP Physicians L. Gamboa and Bright; and SVSP Chief Medical Officer J. Dunlap.** The Clerk of the Court shall also mail a copy of the complaint and a copy of this Order to the State Attorney General's Office in San Francisco. Additionally, the Clerk shall mail a copy of this Order to Plaintiff.

3. Defendants are cautioned that Rule 4 of the Federal Rules of Civil Procedure requires them to cooperate in saving unnecessary costs of service of the summons and complaint. Pursuant

---

[2] In California, prison regulation requires the prisoner "to lodge his administrative complaint on [a] CDC form 602 and 'to describe the problem and action requested.'" *Morton v. Hall*, 599 F.3d 942, 946 (9th Cir. 2010) (quoting Cal. Code Regs. tit. 15 § 3084.2(a)).

[3] The Court notes that Plaintiff concedes that his claim is unexhausted; however, he alleges that "irreparable injury will result if exhaustion is required." Dkt. 1 at 3. The Court will not make a ruling on the issue of exhaustion in light of the recent Ninth Circuit ruling in *Albino v. Baca*, 747 F.3d 1162, 1166 (9th Cir. 2014) (en banc), relating to the proper procedural device for raising the issue of exhaustion of administrative remedies. In *Albino*, the Ninth Circuit, sitting en banc, overruled *Wyatt v. Terhune*, 315 F.3d 1108, 1119 (9th Cir. 2003), which held in part that a claim may be dismissed *sua sponte* if it is clear from the record that the prisoner has conceded that he did not exhaust administrative remedies and no exception to exhaustion applies. *See Wyatt*, 315 F.3d at 1120. After *Albino*, it is no longer clear whether this is still the law of the circuit. Therefore, the Court need not address exhaustion at this time.

1 to Rule 4, if Defendants, after being notified of this action and asked by the Court, on behalf of
2 Plaintiff, to waive service of the summons, fail to do so, they will be required to bear the cost of
3 such service unless good cause be shown for their failure to sign and return the waiver form.  If
4 service is waived, this action will proceed as if Defendants had been served on the date that the
5 waiver is filed, except that pursuant to Rule 12(a)(1)(B), Defendants will not be required to serve
6 and file an answer before **sixty (60) days** from the date on which the request for waiver was sent.
7 (This allows a longer time to respond than would be required if formal service of summons is
8 necessary.)  Defendants are asked to read the statement set forth at the foot of the waiver form that
9 more completely describes the duties of the parties with regard to waiver of service of the summons.
10 If service is waived after the date provided in the Notice but before Defendants have been personally
11 served, the Answer shall be due **sixty (60) days** from the date on which the request for waiver was
12 sent or **twenty (20) days** from the date the waiver form is filed, whichever is later.

13       4.      Defendants shall answer the complaint in accordance with the Federal Rules of Civil
14 Procedure.  The following briefing schedule shall govern dispositive motions in this action:

15       a.      No later than **sixty (60) days** from the date their answer is due, Defendants
16 shall file a motion for summary judgment or other dispositive motion.  The motion must be
17 supported by adequate factual documentation, must conform in all respects to Federal Rule of Civil
18 Procedure 56, and must include as exhibits all records and incident reports stemming from the
19 events at issue.  A motion for summary judgment also must be accompanied by a *Rand*[4] notice so
20 that Plaintiff will have fair, timely and adequate notice of what is required of him in order to oppose
21 the motion.  *Woods v. Carey*, 684 F.3d 934, 935 (9th Cir. 2012) (notice requirement set out in *Rand*
22 must be served concurrently with motion for summary judgment).  A motion to dismiss for failure to
23 exhaust available administrative remedies must be accompanied by a similar notice.  However, the
24 Court notes that under the *new* law of the circuit, in the rare event that a failure to exhaust is clear on
25 the face of the complaint, Defendants may move for dismissal under Rule 12(b)(6) as opposed to the
26 previous practice of moving under an unenumerated Rule 12(b) motion.  *Albino*, 747 F.3d at 1166

---

[4] *Rand v. Rowland*, 154 F.3d 952 (9th Cir. 1998).

(overruling *Wyatt*, 315 F.3d at 1119, which held that failure to exhaust available administrative remedies under the Prison Litigation Reform Act, 42 U.S.C. § 1997e(a) ("PLRA"), should be raised by a defendant as an unenumerated Rule 12(b) motion). Otherwise if a failure to exhaust is *not* clear on the face of the complaint, Defendants must produce evidence proving failure to exhaust in a motion for summary judgment under Rule 56. *Id.* If undisputed evidence viewed in the light most favorable to Plaintiff shows a failure to exhaust, Defendant are entitled to summary judgment under Rule 56. *Id.* But if material facts are disputed, summary judgment should be denied and the district judge rather than a jury should determine the facts in a preliminary proceeding. *Id.* at 1168.

If Defendants are of the opinion that this case cannot be resolved by summary judgment, they shall so inform the Court prior to the date the summary judgment motion is due. All papers filed with the Court shall be promptly served on Plaintiff.

      b.     Plaintiff's opposition to the dispositive motion shall be filed with the Court and served on Defendants no later than **twenty-eight (28) days** after the date on which Defendants' motion is filed.

      c.     Plaintiff is advised that a motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradicts the facts shown in the defendant's declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand*, 154 F.3d at 962-63.

Plaintiff also is advised that -- in the rare event that Defendants argue that the failure to

exhaust is clear on the face of the complaint -- a motion to dismiss for failure to exhaust available administrative remedies under 42 U.S.C. § 1997e(a) will, if granted, end your case, albeit without prejudice. To avoid dismissal, you have the right to present any evidence to show that you did exhaust your available administrative remedies before coming to federal court. Such evidence may include: (1) declarations, which are statements signed under penalty of perjury by you or others who have personal knowledge of relevant matters; (2) authenticated documents -- documents accompanied by a declaration showing where they came from and why they are authentic, or other sworn papers such as answers to interrogatories or depositions; (3) statements in your complaint insofar as they were made under penalty of perjury and they show that you have personal knowledge of the matters state therein. As mentioned above, in considering a motion to dismiss for failure to exhaust under Rule 12(b)(6) or failure to exhaust in a summary judgment motion under Rule 56, the district judge may hold a preliminary proceeding and decide disputed issues of fact with regard to this portion of the case. *Albino*, 747 F.3d at 1168.

(The notices above do not excuse Defendants' obligation to serve similar notices again concurrently with motions to dismiss for failure to exhaust available administrative remedies and motions for summary judgment. *Woods*, 684 F.3d at 935.)

      d.    Defendants shall file a reply brief no later than **fourteen (14) days** after the date Plaintiff's opposition is filed.

      e.    The motion shall be deemed submitted as of the date the reply brief is due. No hearing will be held on the motion unless the Court so orders at a later date.

5.    Discovery may be taken in this action in accordance with the Federal Rules of Civil Procedure. Leave of the Court pursuant to Rule 30(a)(2) is hereby granted to Defendants to depose Plaintiff and any other necessary witnesses confined in prison.

6.    All communications by Plaintiff with the Court must be served on Defendants or their counsel, once counsel has been designated, by mailing a true copy of the document to them.

7.    It is Plaintiff's responsibility to prosecute this case. Plaintiff must keep the Court informed of any change of address and must comply with the Court's orders in a timely fashion. Pursuant to Northern District Local Rule 3-11 a party proceeding *pro se* whose address changes

6

1  while an action is pending must promptly file a notice of change of address specifying the new
2  address. *See* L.R. 3-11(a). The Court may dismiss without prejudice a complaint when: (1) mail
3  directed to the *pro se* party by the Court has been returned to the Court as not deliverable, and
4  (2) the Court fails to receive within sixty days of this return a written communication from the *pro*
5  *se* party indicating a current address. *See* L.R. 3-11(b).

6       8.       Extensions of time are not favored, though reasonable extensions will be granted.
7  Any motion for an extension of time must be filed no later than **fourteen (14) days** prior to the
8  deadline sought to be extended.

9       IT IS SO ORDERED.

10 Dated: June 16, 2014

DONNA M. RYU
United States Magistrate Judge